E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorney
Terrorism and Export Crimes Section
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5564/2429
     Facsimile: (213) 894-2927/0141
     E-mail:    david.lachman@usdoj.gov
                nisha.chandran@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CHENGUANG GONG,<br><br>　　　　Defendant. | No. 24-CR-00127-JFW<br><br>PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING TRADE SECRET INFORMATION, PROPRIETARY INFORMATION, AND PERSONAL IDENTIFYING INFORMATION |

The Court has read and considered the parties' Stipulation for a Protective Order Regarding Discovery Containing Proprietary Information and Personal Identifying Information ("PII"), filed by the government and defendant CHENGUANG GONG ("defendant") in this matter, which this Court incorporates by reference into this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1.   The government's discovery in this case relates to defendant's alleged crimes, that is, violations of 18 U.S.C. § 1832 (Theft of Trade Secrets).

2.   A protective order for the discovery is necessary so that the government can produce to the defense: (a) materials containing alleged trade secret information regarding the development and design of sophisticated infrared sensors by a research and development company based in Malibu, California (the "Victim Company"); (b) materials containing other alleged trade secret, confidential, and/or proprietary information belonging to anyone other than defendant, including other companies where defendant worked; and (c) third parties' PII.  The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect the rights of the owners of this information, as well as third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without this Court entering the Protective Order.  Moreover, trade secret, confidential, and/or proprietary information and PII make up a significant part of the discovery in this case, and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to

adequately evaluate the case, provide advice to defendant, or prepare for trial.

3.    The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

4.    Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

a.    As used herein:

i.    "Highly Confidential Information" includes any confidential, proprietary, and/or trade secret information related to the Victim Company's development and design of the Serrano Readout Integrated Circuit, the Anaheim Readout Integrated Circuit, the Shasta development program, and the mechanical assemblies used to house and cryogenically cool the Serrano and Anaheim Readout Integrated Circuits.

ii.    "Proprietary Materials" includes any confidential business, technical, and/or trade secret information owned by anyone other than defendant that does not constitute Highly Confidential Information.

iii. "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

iv.   "Confidential Information" refers to any document or information containing PII Materials or Proprietary Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

v.   "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys with whom defense counsel associates who are providing assistance to defense counsel on this case; and (3) paralegals, legal assistants, investigators, computer forensic specialists, interpreters, and other support staff to defense counsel who are providing assistance on this case.   The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

b.   The government is authorized to provide defense counsel with Highly Confidential Information marked with the following legend:  "HIGHLY CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.

c.   The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

4

d.    If defendant objects to a designation that material contains Highly Confidential Information or Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to this Court to have the designation removed or altered.

e.    Defendant may see and review Highly Confidential Information and Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Highly Confidential Information or Confidential Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Highly Confidential Information or Confidential Information.

f.    In no event may the Defense Team retain an expert or consultant who is currently an employee, consultant, contractor, officer, director, or agent of: (i) the Victim Company; (ii) BAE Systems PLC, Boeing Co., Lockheed Martin Corp., Northrup Grumman Corp., Raytheon Corp., or Teledyne Technologies, Inc.; or (iii) any subsidiary of these companies.

g.    At no time, under no circumstances, shall any Highly Confidential Information or Confidential Information be transported or transmitted outside of the United States.

h.    Any disclosure of Highly Confidential Information or Confidential Information under this Protective Order shall be subject to all applicable laws and regulations relating to the export of technical data contained in such information, including the release of such technical data to a non-U.S. national in the United States or elsewhere.

i.    Defendant and the Defense Team shall use Highly Confidential Information and Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

5.    <u>Procedures for Inspection of Highly Confidential Materials</u>.  The government shall not produce copies of materials containing Highly Confidential Information ("Highly Confidential Materials") to the Defense Team.  Instead, the government shall make Highly Confidential Materials available to the Defense Team for inspection, subject to the following provisions.

a.    The government shall: (a) transfer a copy of all Highly Confidential Materials to the Los Angeles, California office of the Federal Bureau of Investigation ("FBI"), located at 11000 Wilshire Blvd. #1700, Los Angeles, California 90024 (the "Designated HCM Address"); (b) designate one or more Special Agents or employees of the FBI, whose primary duty station is the Designated HCM Address, to be a "Designated HCM Handler"; and (c) designate a computer on which the Highly Confidential Materials may be reviewed by members of the Defense Team (and defendant, as set forth in below) (the "Designated HCM Computer"), and copy the Highly Confidential Materials to that Designated HCM Computer.

b.    The Designated HCM Handler shall, upon at least three business days' advance written notice from the Defense Team, schedule a mutually convenient time during ordinary business hours when members of the Defense Team and defendant may inspect the Highly Confidential Materials on the Designated HCM Computer at the Designated HCM Address (each date an "HCM Inspection Date").

Subject to the provisions of paragraph 5(j) applicable to expert witnesses and consultants, at least three business days in advance of each HCM Inspection Date, the Defense Team shall provide in writing to the Designated HCM Handler the full names of any members of the Defense Team who will participate in the pending HCM Inspection Date.  Members of the Defense Team whose identities are not disclosed to the Designated HCM Handler at least three business days in advance of an HCM Inspection Date shall not be permitted to view Highly Confidential Materials at the pending HCM Inspection Date.  The Defense Team and the Designated HCM Handler shall maintain a list of all persons authorized to view the Highly Confidential Materials.

c.    During each HCM Inspection Date, the Defense Team may use the Designated HCM Computer at the Designated HCM Address to review the Highly Confidential Materials and to prepare and save reports, takes notes, and, subject to the limitations on the use of the Designated HCM Computer set forth in subsection (e) below, otherwise engage in activities reasonable to and necessary for the preparation of the defense of this criminal case.  Any memoranda, notes, reports, and any other documents created by the Defense Team in the Designated HCM Computer shall constitute the Defense Team's privileged attorney work product.

d.    Defendant may review Highly Confidential Information only during an HCM Inspection Date.  A member of the Defense Team must be present and shall ensure that defendant is never left alone with any Highly Confidential Information.  Defendant may not access the Designated HCM Computer outside the presence of a member of the Defense Team.

e.   Defendant and the Defense Team shall not: (a) connect any external storage device to the Designated HCM Computer; (b) copy or transfer any Highly Confidential Materials or any files generated by the Defense Team to or from the Designated HCM Computer; (c) use the Designated HCM Computer to access the internet; (d) use any other electronic device including, without limitation, smart phones, laptops, iPads or similar devices, or cameras of any sort, while in the same room as the Highly Confidential Materials or the Designated HCM Computer; (e) photograph any Highly Confidential Materials; (f) copy or otherwise create any image or duplicate of any of the contents of any Highly Confidential Materials on any electronic device or in any written, electronic, or oral form (except that the Defense Team may use the Designated HCM Computer for this purpose); or (g) subject to any future order of this Court governing the use of Highly Confidential Materials at trial, disclose any Highly Confidential Materials to any person not a member of the Defense Team or an attorney or agent of the government on this case.  While reviewing Highly Confidential Materials, the Defense Team may take handwritten notes for the exclusive use of members of the Defense Team to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case.  Members of the Defense Team shall maintain any handwritten notes of Highly Confidential Materials at all times in physically secure areas that are accessible only to persons authorized to access such information under the Protective Order.

f.   Upon the conclusion of each inspection during an HCM Inspection Date, the Defense Team shall return the Designated HCM Computer to the Designated HCM Handler, who shall store the

Designated HCM Computer in a secure location until the next HCM Inspection Date.

g.   The Designated HCM Handler shall ensure that nobody, other than members of the Defense Team, accesses the Designated HCM Computer or any files prepared by the Defense Team and saved on the Designated HCM Computer.  Only the Defense Team shall have the password to access the Designated HCM Computer.  If additional Highly Confidential Materials need to be transferred to the Designated HCM Computer, the Designated HCM Handler shall coordinate with the Defense Team to load those materials onto the Designated HCM Computer.

h.   The Designated HCM Handler shall ensure that the Defense Team is afforded a private room, in which no government personnel are present or monitoring by visual, audio, or electronic means, to review Highly Confidential Materials on the Designated HCM Computer on designated HCM Inspection Dates.

i.   Highly Confidential Materials, or any information derived from therefrom, shall not be disclosed by defendant, the Defense Team, or any defense witnesses, expert witnesses, or consultants in any way absent an order by this Court.  Nothing in this paragraph shall be construed to limit the information that defendant, the Defense Team, any defense witness, expert witness, or consultant may share with the Defense Team to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.  All materials designated as containing Highly Confidential Information under the Protective Order shall remain subject to the Protective Order unless and until

such order is modified by this Court.  Upon the conclusion of this case, including the conclusions of all appeals and any collateral proceedings, the Designated HCM Handler shall consult with the Defense Team to ascertain whether the Defense Team is subject to any ethical or legal obligations that require the retention of Highly Confidential Materials or any files created by the Defense Team and stored on the Designated HCM Computer.  If the Defense Team states in writing that any such ethical or legal obligations exist, the Designated HCM Handler shall arrange for the secure storage of the Designated HCM Computer and its contents until such time as such ethical or legal obligations elapse, but in no event shall such time period exceed five years from the termination of this case, including all appeals and collateral proceedings.  At such time, the Designated HCM Handler shall cause to be permanently deleted and wiped all files on the Designated HCM Computer relating to this case (including the Highly Confidential Materials and any files created and saved by the Defense Team), without viewing or permitting any other person to view the contents thereof.

j.   Witness, Expert Witness, or Consultant Review of Highly Confidential Material.  If the Defense Team intends to share Highly Confidential Materials with (or bring to any HCM Inspection Date) any percipient witness, person qualified to serve as an expert (whether testifying or not), or consultant (in particular, any person qualified to serve as an expert regarding trade secret information or infrared sensor technology), defense counsel shall provide the government the name and resume or curriculum vitae of the witness, expert, or consultant at least 10 business days in advance of discussing Highly Confidential Materials with such person

(and, as applicable, at least 10 business days in advance of an HCM Inspection Date).  Upon receipt of such information, if the government determines that disclosing Highly Confidential Materials to the designated witness, expert, or consultant would place the privacy and security of the information at risk, the government shall inform defense counsel of the government's objection, and the parties shall meet and confer.  If the parties cannot reach an agreement regarding the government's objection, the government may apply to this Court to prohibit defense counsel from sharing Highly Confidential Materials with the defense witness, expert, or consultant within 5 business days of receiving notice from defense counsel.  Notwithstanding the foregoing, defense counsel may discuss, but may not show or otherwise share, Highly Confidential Materials with a potential defense expert or consultant for purposes of vetting whether to retain the potential expert or consultant in connection with this matter without providing notice to the government of that person's identity.

       i.  No member of the Defense Team shall share the contents of Highly Confidential Materials with any witness, expert, or consultant (and the Designated HCM Handler shall not permit any potential witness, expert or consultant to view Highly Confidential Materials) unless and until this Court rules that any objection(s) filed by the government are denied.  The government shall bear the burden of persuasion.

       ii.  The government, upon receiving notice of an expert or consultant's identity from the Defense Team, shall not seek to contact such expert or consultant, and shall only conduct such investigation related to that expert or consultant's identity

as is reasonable to determine whether the expert or consultant has a conflict of interest or poses a risk that may preclude the expert or consultant from viewing or discussing Highly Confidential Materials subject to the terms of this Protective Order.  The government shall not seek to obtain any further information about the potential expert or consultant, or from the expert or consultant, other than information contemplated by this Protective Order or provided for by Federal Rule of Criminal Procedure 16.

iii. The disclosure by the Defense Team to the government of the identity of any expert or consultant shall be deemed to be made pursuant to 18 U.S.C. § 1835 and Federal Rule of Evidence 502(d) and shall not, therefore, operate as a waiver of attorney-client privilege or attorney work product by the defendant.

iv.  Each percipient witness with whom any Highly Confidential Materials are discussed shall execute an "Acknowledgment of Protective Order by Expert" (attached hereto as Exhibit A), signed under oath.  Each expert witness or consultant, including any expert witnesses or consultants with whom any Highly Confidential Materials are discussed, shall execute an "Acknowledgment of Protective Order by Expert" (attached hereto as Exhibit B), signed under oath.  The Defense Team shall provide a copy of the signed Acknowledgment to the government at least 10 business days in advance of sharing Highly Confidential Materials with any witness, expert witness, or consultant (and, as applicable, at least 10 business days in advance of an HCM Inspection Date).

v.  Any expert or consultant retained by the Defense Team shall not for a period of one year following the cessation of this prosecution at the trial court level or for a period of one

year following such expert's or consultant's last review of the Highly Confidential Materials, whichever occurs first: (a) work as a consultant, employee, officer, or agent of BAE Systems PLC, Boeing Co., Lockheed Martin Corp., Northrup Grumman Corp., Raytheon Corp., or Teledyne Technologies, Inc., or any subsidiary of the aforementioned companies a competitor to the Victim Company; (b) participate in research and development relating to infrared sensor technology on behalf of any foreign government, entity, or instrumentality; (c) participate in any patent application, preparation, or prosecution before the United States Patent and Trademark Office ("USPTO"), or in any other country, for any patent or patent application having claims involving infrared sensor technology; or (iv) participate in the amendment, modification, or addition of patent claims, including via Inter Partes Review, relating to infrared sensor technology.  These restrictions may be modified only for good cause shown on motion to this Court.  Nothing in this paragraph shall interfere or restrict in any way an attorney's duty of candor to the USPTO or to any court.

6.   Procedures for Handling Confidential Information.  The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information while outside the presence of the Defense Team, except as set forth in paragraph 6(c).

a.   Defendant may review Confidential Information only in the presence, whether in person, by telephone, or by videoconference, of a member of the Defense Team, who shall ensure that defendant is never left alone with any Confidential Information and that defendant does not attempt to copy or otherwise attempt to create a duplicate of any Confidential Information (e.g., by

recording the contents of a videoconference during which
Confidential Information is shown to defendant).  At the conclusion
of any meeting with defendant at which defendant is permitted to
view Confidential Information, defendant must return any such
materials to the Defense Team, and the member of the Defense Team
present shall take all such materials with him or her.  Defendant
may not take any Confidential Information out of the room in which
defendant is meeting with the Defense Team.  At no time, under no
circumstance, will any Confidential Information be left in the
possession, custody, or control of defendant, regardless of
defendant's custody status.

   b. The Defense Team may review Confidential Information
with a witness or potential witness in this case only if defense
counsel reasonably believes that showing the Confidential
Information to the witness or potential witness is necessary for
preparation of the case.  A member of the Defense Team must be
present if Confidential Information is being shown to a witness or
potential witness.  Before being shown any portion of Confidential
Information, however, (i) any witness or potential witness must
agree in writing to sign the "Acknowledgement of Protective Order"
(attached as Exhibit A to the Protective Order); and (ii) if the
witness or potential witness is not a U.S. national, defense counsel
shall provide the government with the witness or potential witness's
name, employer, and job title at least 10 business days before
Confidential Information is shown to the witness.  If an objection
has been lodged during such period, no Confidential Information may
be disclosed until any and all objections to the disclosure are
resolved by the Court.  No member of the Defense Team shall permit a

14

witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

c.   If the Defense Team engages expert witnesses or consultants to assist in reviewing Confidential Information, each expert or consultant shall execute an "Acknowledgment of Protective Order by Expert" (attached hereto as Exhibit B), signed under oath. The Acknowledgment shall be kept on file with defense and provided to the government at the conclusion of litigation (upon request), or at such time as the identity of expert witness or consultant is otherwise required to be disclosed, whichever is earlier.  The government will not otherwise be provided with a copy of the Acknowledgement signed by the expert or consultant, and the identity of the expert or consultant reviewing Confidential Information need not be disclosed to the government except to the extent that such disclosure is required by the Federal Rules of Criminal Procedure, the Central District of California's Local Rules, or court order. Notwithstanding the above, if a defendant wishes to disclose Confidential Information to an expert or consultant who is a non-U.S. national, the defendant must notify the government of that expert or consultant's identity, so that the government may object in writing within 10 days if good cause exists for the objection. If an objection has been lodged during such period, no Confidential Information may be disclosed to the expert or consultant until any and all objections to the disclosure are resolved by the Court.

i.   No expert witness or consultant shall disclose Confidential Information to any other witness or potential witness in this matter unless a member of the Defense Team is present and the conditions of Paragraph 6(b) are met.

ii.  Expert witnesses may be provided with copies of Confidential Information but may not photograph or make any copies of the Confidential Information.

iii. The Defense Team shall maintain a log of Confidential Information provided to any expert witnesses, for the purposes of ensuring the complete return and/or destruction of Confidential Information at the conclusion of the case.

d.  The Defense Team and any expert witness or consultant with whom Confidential Information is shared pursuant to Paragraph 6(c) shall maintain such information in a manner reasonably intended to preserve the confidentiality of the information, including by (a) storing the information at all times in physically secure areas or on secure network locations that are accessible only to persons authorized to access such information under the Protective Order, and (b) by not disclosing such information except as authorized under the Protective Order.  If stored electronically, all materials containing Confidential Information shall be password-protected and/or encrypted.

e.  To the extent that any member of the Defense Team or any expert witness or consultant creates notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team or any expert witness or consultant, such notes or copies become Confidential Information subject to the Protective Order and shall be handled in accordance with the terms of the Protective Order.

f.  Confidential Information shall not be disclosed by defendant or Defense Team in any way absent an order by this Court. All materials designated subject to the Protective Order maintained

in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

7.   The Defense Team shall use Highly Confidential Information and Confidential Information only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendant an any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Highly Confidential Information or Confidential Information with the Court or divulge the contents of Highly Confidential Information or Confidential Information in court filings, the filing shall be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any Highly Confidential Information or Confidential Information and make all reasonable attempts to limit the divulging of such materials.

8.   The inadvertent failure to designate information as Highly Confidential Information or Confidential Information does not, standing alone, waive the right to secure protection for such material under this Protective Order.  If Highly Confidential

Information or Confidential Information is inadvertently produced without being marked as "HIGHLY CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," or "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall timely notify defense counsel of the error and, if applicable, reproduce the material with the correct designation.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

9.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials and Proprietary Materials.

//

//

10.   Defense counsel shall advise defendant, all members of the Defense Team, and any expert witnesses of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to reviewing any Highly Confidential Information or Confidential Information with defendant or providing other members of the Defense Team with access to any Confidential Information subject to the Protective Order.

IT IS SO ORDERED.


_____         _____
     May 8, 2024
DATE                       HONORABLE JOHN F. WALTER
                           UNITED STATES DISTRICT JUDGE

Presented by:

   /s/
_____
DAVID C. LACHMAN
NISHA CHANDRAN
Assistant United States Attorneys

**EXHIBIT A**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I hereby acknowledge that I have received a copy of the Protective Order issued in <u>United States v. Chenguang Gong</u>, No. CR 24-00127-JFW, and that I have and understand it, and that I agree to be bound by all of its terms.  I also understand that additional restrictions may apply to the sharing of Confidential Information with non-U.S. nationals.  I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

Dated: _____

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

**EXHIBIT B**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER BY EXPERT**

I hereby acknowledge that I have received a copy of the Protective Order issued in <u>United States v. Chenguang Gong</u>, No. CR 24-00127-JFW, and that I have and understand it, and that I agree to be bound by all of its terms.  I further understand that by signing this Acknowledgment, I subject myself to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

I have been retained to serve as an expert in this matter and a true and correct copy of the current version of my CV is attached to this Acknowledgement.  I have read the Indictment in this case, and have familiarized myself with the subject of this litigation to the degree necessary to be able to evaluate whether my role as an expert in this matter would pose any conflicts of interest.  I am not a current employee, consultant, contractor, officer, director, or agent of the Victim Company or any competitor to the Victim Company.

//

//

To the extent that my role as an expert gives me access to information designated as Highly Confidential Information or Confidential Information, I understand that I am prohibited from using that information in any way that is inconsistent with the Protective Order, and that violation of the Protective Order would subject me to civil or criminal penalties, or both.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: _____

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code