E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorney
Terrorism and Export Crimes Section
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Corporate and Securities Fraud Strike Force
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5564/2429
     Facsimile: (213) 894-2927/0141
     E-mail:    david.lachman@usdoj.gov
                nisha.chandran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 24-CR-00127-JFW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| CHENGUANG GONG, | |
| Defendant. | **CURRENT TRIAL DATE:** December 10, 2024, at 8:30 a.m. **PROPOSED TRIAL DATE:** June 24, 2025, at 8:30 a.m. |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys David C. Lachman and Nisha Chandran, and defendant Chenguang Gong ("defendant"), both individually and by and through his counsel of record, Craig Wilke, hereby stipulate as follows:

1. The Indictment in this case was filed on February 27, 2024. (Dkt. 12.) Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 4, 2024. (Dkt. 16.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 13, 2024.

2. On March 4, 2024, the Court set a trial date of April 30, 2024. (Dkt. 16.)

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately five to seven days.

4. The Court has previously continued the trial date in this case from April 30, 2024, to December 10, 2024, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 34.)

5. By this stipulation, defendant moves to continue the trial date to June 24, 2025, at 8:30 a.m., and the status conference to June 2, 2025, at 8:00 a.m. This is the second request for a continuance.

6. The parties also move to continue the schedule for additional pretrial deadlines as follows:

   a. Pretrial motions shall be filed on or before May 5, 2025, oppositions filed on or before May 19, 2025, and optional replies filed on or before May 26, 2025.

   b. The government shall disclose its anticipated trial expert(s) to defense counsel on or before April 15, 2025. The defendant shall disclose his anticipated trial expert(s) to the government on or before April 25, 2025.

   c. The government shall send its preliminary pretrial witness list to defense counsel on or before April 25, 2025.  The government's pretrial witness list shall be filed on or before May 30, 2025, and defendant shall file a response to the government's pretrial witness list on or before June 2, 2025.

   d. The government shall provide a copy of its preliminary pretrial exhibit list and each exhibit to defendant on or before April 25, 2025, and the parties' joint pretrial exhibit stipulation shall be filed on or before June 4, 2025.

 7. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with violations of 18 U.S.C. § 1832(a)(1), (2): Theft of Trade Secrets, and 18 U.S.C. § 1001(a)(2): Making False Statements.  The government has produced extensive discovery to the defense, including law enforcement reports, business records, audio and video recordings, transcripts, emails, and full forensic images of dozens of digital devices -- consisting of more than fifteen terabytes of data -- seized from defendant pursuant to federal search warrants.  Much of that data is subject to the protective order in this case because it includes allegedly confidential, proprietary, and trade secret information.  The discovery also contains many complex technical files, as well as thousands of documents in Mandarin.  Because of the sheer volume of the discovery, the government has also culled a subset of the discovery related both to the charges in this case and potential new charges.  This discovery subset is still voluminous -- consisting of hundreds of thousands of files -- but will meaningfully assist the

defense in preparation for trial. The government has produced the vast majority this narrowed subset of discovery and anticipates that the production will be substantially complete by mid-November 2024.

      b.    As discussed at the April 15, 2024, status conference, the government also anticipates that, if this case is not resolved before trial, the government will seek a superseding indictment with additional charges. The parties intend to meet to discuss the government's evidence supporting potential additional charges, including trade secret theft and economic espionage, in November 2024.

      c.    Due to the nature of the prosecution, including the charges in the indictment, the highly technical nature of the trade secrets at issue, and the voluminous discovery produced to defendant, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

      d.    Defense counsel is presently scheduled to be in trial as described in Appendix A. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      e.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, engage defense experts, and prepare for trial in the event that a pretrial resolution does not occur. Specifically, in light of the allegedly confidential, proprietary,

4

and trade secret information at issue in the case, the parties anticipate that reviewing some discovery will require additional protections, resulting in additional time and logistical coordination. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      f.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

      g.    The government does not object to the continuance.

      h.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

    8.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of December 10, 2024, to June 24, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to

5

expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 29, 2024         Respectfully submitted,

                                E. MARTIN ESTRADA
                                United States Attorney

                                DAVID T. RYAN
                                Assistant United States Attorney
                                Chief, National Security Division


                                       /s/
                                DAVID C. LACHMAN
                                NISHA CHANDRAN
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

I am CHENGUANG GONG's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than June 24, 2025, is an informed and voluntary one.

_____     10/30/2024
CRAIG WILKE                           Date
Attorney for Defendant
CHENGUANG GONG

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than June 24, 2025. I understand that I will be ordered to appear in Courtroom 7A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on June 24, 2025, at 8:30 a.m. for trial and on June 2, 2025, at 8:00 a.m. for a status conference.

*Chenguang Gong*
_____     10/30/2024
CHENGUANG GONG                        Date
Defendant

7