E. MARTIN ESTRADA
United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorney
Terrorism and Export Crimes Section
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Corporate and Securities Fraud Strike Force
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-5564/2429
    Facsimile:  (213) 894-2927/0141
    E-mail:  david.lachman@usdoj.gov
          nisha.chandran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Note Changes

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHENGUANG GONG, <br><br> Defendant. | No. 24-CR-00127-JFW <br><br> ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT <br><br> **TRIAL DATE:** <br> **June 24, 2025, at 8:30 a.m.** <br><br> **STATUS CONFERENCE DATE:** <br> **June 2, 2025, at 8:00 a.m.** |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter on October 31, 2024. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (iv) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from December 10, 2024, to **June 24, 2025, at 8:30 a.m.**, and the status conference hearing is continued to **June 6, 2025, at 8:00 a.m.** Additional pretrial deadlines are as follows:

   a. Pretrial motions shall be filed on or before April 7, 2025, oppositions filed on or before April 21, 2025, and optional replies filed on or before April 23, 2025. A hearing on motions is set for **May 2, 2025 at 8:00 a.m.**

   b. The government shall disclose its anticipated trial expert(s) to defense counsel on or before April 15, 2025. The defendant shall disclose his anticipated trial expert(s) to the government on or before April 25, 2025.

   c. The government shall send its preliminary pretrial witness list to defense counsel on or before April 25, 2025. The government's pretrial witness list shall be filed on or before May 30, 2025, and defendant shall file a response to the government's pretrial witness list on or before June 2, 2025.

   d. The government shall provide a copy of its preliminary pretrial exhibit list and each exhibit to defendant on or before April 25, 2025, and the parties' joint pretrial exhibit stipulation shall be filed on or before June 4, 2025.

2. The time period of December 10, 2024, to June 24, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (B)(ii), and (B)(iv).

3.   Defendant shall appear in Courtroom 7A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on June 2, 2025, at 8:00 a.m. for a status conference and on June 24, 2025, at 8:30 a.m. for trial.

4.   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

 November 18, 2024                              /s/ John F. Walter
   DATE                                          HONORABLE JOHN F. WALTER
                                                 UNITED STATES DISTRICT JUDGE

CC: USPO/PSA; USM

Presented by:

  /s/
 NISHA CHANDRAN
 Assistant United States Attorney